[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 555 
This is an action brought pursuant to rule 3:81. The court finds, under the proofs, the following facts:
1. On September 18, 1930, a zoning ordinance was adopted by the City Commissioners of the defendant Margate City, the pertinent parts of which are:
Section 1 (b). Lot. A lot is a parcel of land, the location, dimensions and boundaries of which are determined by the latest official record.
(t) Accessory Building. An accessory building is a building which is subordinate and accessory to a main building on the same lot. No accessory building shall be used for any other purpose than a garage, playhouse or greenhouse.
Section 4 (h) Limitations on Accessory Buildings.
1. No accessory building in any zone shall be over two stories high and none which is erected in a DWELLING Zone shall be more than one story high.
2. No accessory building less than two stories in height shall be used for residence purposes, and no accessory building over one story in height shall be used for residence purposes except by domestic employees of the tenant or of the owner of the premises.
2. On March 15, 1938, Lorna Wylie, wife of plaintiff John F. Wylie, became owner of Lot 44, Block 207-A, on the Tax Map of Margate City.
3. Sometime in April, she erected on said lot, a single dwelling and an accessory building being a garage and living quarters. *Page 556 
4. Said lot is in Dwelling "A" Zone of said ordinance.
5. On September 18, 1945, the adjoining lot, No. 43, was purchased by plaintiff John F. Wylie and his wife, Lorna Wylie.
6. On May 11, 1947, plaintiff and his wife conveyed to plaintiff Marian Collins the 30 foot rear portion of Lot 44, including the accessory building, and Lot 43 except 5 feet along the easterly boundary of same for a distance of 72 feet from Exeter Avenue.
7. In the summer of 1948, the dwelling on Lot 44 was occupied by others than the owner Wylie, and plaintiff John F. Wylie and his wife, Lorna Wylie, occupied the accessory building now part of the land owned by plaintiff Marian Collins.
8. On July 24, 1948, the defendant R. Bayne Williams, building inspector and enforcement agent of the zoning ordinance of Margate City, served notices on the plaintiffs of violations of the zoning ordinance, (a) Collins for leasing and permitting the accessory building to be occupied by a person or persons who were not domestic employees of the occupant of the main building, and (b) Wylie for occupying an accessory building and not being a domestic employee of the occupant of the main building.
9. An appeal was taken to the defendant Board of Adjustment which was denied on September 13, 1948, and the action of the building inspector and enforcement agent affirmed.
10. The building occupied by plaintiff John F. Wylie and permitted to be occupied by plaintiff John F. Wylie by plaintiff Marian Collins continues to be an accessory building of Lot 44 in accordance with the Building Zone Map.
The pertinent parts of this ordinance do not appear, from the proofs, to be arbitrary, unreasonable and capricious exercise of power within the purview of the governing statute R.S. 40:55-30et seq. "The validity of an ordinance from a constitutional standpoint depends upon whether its provisions constitute a proper exercise of power within the purview of the governing statute or whether they constitute an arbitrary, unreasonable, and capricious exercise of such power. *Page 557 
Zoning regulations must be in accordance with a comprehensive plan to achieve specified purposes generally relating to the health, safety, morals or general welfare of the community and with reasonable consideration to the character of each district, its peculiar suitability for particular uses, and with a view of conserving the value of property and encouraging the most appropriate use of land throughout the community. R.S.
40:55-32, N.J.S.A. In exercising this power the municipality may be divided into districts of such number, shape and area as may be best suited to carry out the zoning purposes. R.S.
40:55-31, N.J.S.A." Oliva v. City of Garfield, 1 N.J. 184.
The plaintiffs in attacking this ordinance as unreasonable in its application are met with the presumption that it is reasonable and must bear the burden of establishing the contrary. To adopt the construction as contended by the plaintiffs would completely destroy the effectiveness of this ordinance and, while there is no dissension on the part of the defendants that the plaintiffs had a right to dispose of a portion of Lot 44 together with the accessory building, said building still remains a portion of Lot 44 as set forth in the Building Zone Map and to construe otherwise would permit portions of lots to be divided into numerous parts and dwellings of miniature size to be erected thereon.
From the facts as found, the court directs that judgment be entered in favor of the defendants and against the plaintiffs of no cause for action. *Page 558